UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE WINSTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 22-cv-4108- JBM |
| | ) |
| GREG DONATHAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff Andre Winston, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursues an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 1). Plaintiff seeks leave to proceed in forma pauperis. (Doc. 7). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed in forma pauperis only if the complaint states a federal claim.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation

and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff names Facility Director Greg Donathan and the John Doe Risk Assessment or RAT Team Members as Defendants. Plaintiff alleges that Defendants are subjecting him to prolonged sanctions ranging from "escort restraint status placement or loss of TDF privileges, particular jobs, enjoyed by others." (Doc. 1 at 5). He states that he has used the grievance process and sent handwritten letters addressed to the Defendants to report or challenge the lack of policy or procedure. He claims further that he has never been called to a periodic review or received a notice of hearing and that individuals kept on privilege denial status must be reviewed by TDF staff on a regular basis. Plaintiff appears to be raising a possible claim for a violation of due process, but it is unclear from his largely incoherent complaint.

Plaintiff has not identified the specific officials responsible for the alleged constitutional deprivations. For instance, while Plaintiff names Facility Director Greg Donathan as a Defendant, he does not claim that Defendant Donathan was present or participated in the alleged conduct. Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted).

The Court finds that Plaintiff has not provided enough information to support a plausible federal claim. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint.

**IT IS THEREFORE ORDERED:**

**(1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this Order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**(2) Plaintiff's petition to proceed in forma pauperis [7] is DENIED with leave to reassert if he amends his complaint.**

ENTERED:  8/25/2022

                                                s/ Joe Billy McDade
                                                Joe Billy McDade
                                                United States District Judge